116 July 23, 2025 No. 656

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EGZON IMERI,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CN05157; A182992

Thanh H. Tran, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Portion of judgment requiring defendant to pay $160 fine reversed; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a general judgment of contempt entered by the Clackamas County Circuit Court after defendant admitted to two counts of contempt of court for violating a Family Abuse Prevention Act (FAPA) restraining order entered in Multnomah County. The trial court imposed probation and a $160 fine. On appeal, defendant raises two assignments of error: first, challenging the Clackamas County Circuit Court's subject matter jurisdiction over the proceedings against him based on his admitted violation of the FAPA order, because the order was entered in another county and the state failed to file a certified copy; and second, challenging the imposition of the $160 fine, because it was not announced in open court. The state concedes that the trial court erred as to defendant's second assignment but argues that defendant's first assignment lacks merit in light of our decision in *State v. Lucier*, 334 Or App 117, 556 P3d 4, *rev den*, 372 Or 812 (2024). The state's concession regarding the second assignment of error is well taken, and, regarding the first assignment of error, we agree that our decision in *Lucier* controls. Thus, we reverse and remand for resentencing, and otherwise affirm.

In defendant's first assignment of error, he contends that ORS 107.728(2)[1] was the state's "only source of jurisdiction to adjudicate a contempt allegation based on an order entered by another court," and that the Clackamas County Circuit Court did not have jurisdiction. We rejected the same argument in *Lucier*, in which the defendant argued that the "Josephine County Circuit Court lacked jurisdiction to enforce another county's restraining order." 334 Or App at 120. We explained that, by enacting ORS 107.728, the legislature exercised its "power to define the circuit courts' subject matter jurisdiction, * * * expressly permit[ting] contempt proceedings on FAPA restraining orders to occur in *both* the circuit court of the county that issued the order and the 'circuit court for a county in which a violation of the

---

[1] ORS 107.728 provides, in pertinent part:

"If contempt proceedings are initiated in the circuit court for a county in which a violation of the restraining order occurs, the person initiating the contempt proceedings shall file with the court a copy of the restraining order, certified by the clerk of the court that issued the order."

restraining order occurs.'" *Id.* at 121 (emphasis in original). That is, "the legislature has vested subject matter jurisdiction and contempt authority in two courts." *Id.* We further explained "that the legislature did not intend the requirement to file a certified copy of the restraining order to be jurisdictional." *Id.* at 126. Similarly, here, the state's failure to meet the statutory filing requirement did not deprive the Clackamas County Circuit Court of subject matter jurisdiction, and defendant's conviction is not reversible on that ground.

In defendant's second assignment of error, he contends—and the state concedes—that the trial court erred when it imposed a $160 fine for the first time in the written judgment. We agree and accept the state's concession. A trial court errs as a matter of law when it imposes fines or fees for the first time in a written judgment without announcing those penalties in open court. *See*, *e.g.*, *State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (concluding that "it was error to impose *** financial penalties outside the presence of [the] defendant" and reversing the judgment as to those penalties where the trial court had "declared at sentencing that it would waive all fees"). Here, the trial court announced in open court that it would "not impose the fines or fees." When the trial court then imposed a $160 fine in the written judgment, it erred as a matter of law.

Portion of judgment requiring defendant to pay $160 fine reversed; otherwise affirmed.